IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GOODWIN & GOODWIN, INC., an Arkansas Corporation,  Plaintiff, v. NEEL, HARVELL AND ASSOCIATES, P.C., an Oklahoma Corporation, and AERO-MOD, INC., a Kansas Corporation,  Defendants. | Case No. CIV-21-19-TDD |

## ORDER

Before the Court is Defendants Neel, Harvell and Associates, P.C. ("NHA"), and Aero-Mod, Inc.'s Motion in Limine [Doc. No. 45]. Plaintiff Goodwin & Goodwin, Inc., responded in opposition [Doc. No. 53]. The matter is fully briefed and at issue.

## BACKGROUND

This case arises out of the construction of a wastewater treatment plant in Pocola, Oklahoma. Defendant NHA, an engineering company, and Defendant Aero-Mod, an equipment manufacturer, collaborated to create a design for Pocola's new wastewater treatment plant. The City of Pocola sought bids to build the plant, and Plaintiff was eventually selected as the general contractor for the project.

After Plaintiff submitted its bid, Defendants made extensive changes to their proposed plant design. Plaintiff alleges that Defendants never communicated these changes to it. Because of this lack of communication, Plaintiff constructed 22-foot walls, as required under the original design, instead of the 18-foot walls that the new design called for. This

discrepancy required Plaintiff to perform additional work to ensure conformity with the new design. Plaintiff alleges that the additional costs that it incurred due to this discrepancy amounted to $188,320.00. These damages are the subject of the instant litigation.

In their Motion, Defendants assert that any evidence regarding the damages sought by Plaintiff should be excluded at trial. They argue that: (1) Plaintiff did not produce documentation for damages in a discovery request; (2) the damages sought are based on speculation; (3) the damages sought are disallowed under the contract Plaintiff signed; and (4) the damages are not legally proper as recoverable damages.

## STANDARD OF REVIEW

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

In order to exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential

prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

When ruling on a motion in limine, a court is forced to determine the admissibility of evidence without the benefit of the context at trial. *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The rationale underlying a pre-trial motion in limine does not apply in a bench trial, where it is presumed that the judge will disregard inadmissible evidence and rely only on competent evidence. *See, e.g., Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). Thus, in bench trials, it is unnecessary for a court to determine whether to exclude evidence prior to the start of trial. *See Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727, 733 (S.D. Tex. 2001); *see also* 9A Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 2411 (3d ed. Apr. 2022 update). Because the more prudent course in a bench trial is to resolve all evidentiary doubts in favor of admissibility, Defendants' Motion in Limine [Doc. No. 45] must be **DENIED.**

**IT IS SO ORDERED** this 26th day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE