IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GOODWIN & GOODWIN, INC. an Arkansas Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEEL, HARVELL AND ASSOCIATES, P.C., an Oklahoma Corporation, and AERO-MOD, INC., a Kansas Corporation, <br><br> Defendants. | Case No. CIV-21-19-TDD |

### ORDER

Before the Court is Defendant Aero-Mod, Inc.'s Motion for Attorney's Fees [Doc. No. 82], which was filed on August 14, 2023. Based on the August 14th filing date, Plaintiff Goodwin & Goodwin, Inc. had until August 28, 2023 to file its objection or response to the Motion. *See* LCvR 54.2(c) ("Responses in opposition to the allowance of attorney fees must be filed within fourteen (14) days from the date the motion for attorney fees is filed."). Plaintiff neither filed an objection by the August 28th deadline, nor sought an extension of time to file. In the exercise of discretion, the Court deems the Motion confessed and, for the additional reasons below, finds that it should be **GRANTED**. *See* LCvR 7.1(d) ("In the discretion of the Court, any nondispositive motion or objection which is not opposed within fourteen (14) days may be deemed confessed.").

### *Background*

On April 25 and 26, 2023, the Court conducted a bench trial and subsequently issued its Findings of Fact and Conclusions of Law [Doc. No. 79]. The Court found that: (1)

Goodwin and Goodwin breached its contract with Aero-Mod; (2) Aero-Mod did not act negligently or breach its contract with Goodwin & Goodwin; and (3) neither Neel, Harvell and Associates, nor Goodwin & Goodwin, were negligent. *Id.* at 21. That same day, the Court entered judgment in favor of Aero-Mod and awarded damages in the amount of $87,253.73 against Goodwin & Goodwin. *See* Judgment [Doc. No. 80].[1]

On August 14, 2023, Aero-Mod filed its Bill of Costs [Doc. No. 81][2] and Motion for Attorney's Fees [Doc. No. 82].[3] In its Motion, Aero-Mod seeks $74,248.25 in attorney fees, pursuant to OKLA. STAT. tit. 12, § 936. *See* Mot. Att'y Fees at 4. Aero-Mod supports its request with its attorney, John David Lackey's, Affidavit [Doc. No. 82-1] and its law firm's billing records [Doc. No. 82-2]. As noted, Goodwin & Goodwin has not filed an objection or response.

*Discussion*

**I.   Right to an Attorney Fee**

"In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). This is a diversity

---

[1] The Court also entered judgment in favor of "(1) Neel, Harvell and Associates, P.C., against Goodwin & Goodwin with respect to Goodwin & Goodwin's negligence claim; (2) AeroMod against Goodwin & Goodwin with respect to Goodwin & Goodwin's breach of contract and negligence claims; and (3) Goodwin & Goodwin with respect to Aero-Mod's negligence counterclaim." *See* Judgment [Doc. No. 80].

[2] On September 11, 2023, the Clerk of Court taxed costs in favor of Aero-Mod and against Goodwin & Goodwin in the amount of $3,755.03 [Doc. No. 83]. This amount will be accounted for in the Court's separate judgment.

[3] Aero-Mod's Motion is timely. *See* FED. R. CIV. P. 54(d)(2)(B) ("Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment.").

case; therefore, Oklahoma law controls Aero-Mod's request for attorney's fees. *See* Compl. [Doc. No 2], ¶ 4.

Oklahoma adheres to the American rule regarding attorney fees—*i.e.*, "the prevailing party cannot obtain attorney's fees unless there is a showing that the opponent acted in bad faith, vexatiously or oppressively." *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank,* 222 F.3d 800, 817 (10th Cir. 2000). However, Oklahoma law "provides a statutory exception authorizing attorney fees for breach of contract claims." *Combs*, 551 F.3d at 1001. Aero-Mod premises its request for attorney fees on this statutory exception, which provides in full:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

OKLA. STAT. tit. 12, § 936(A). A fee award under § 936(A) "is mandatory; however, in all cases the amount of fees awarded must be reasonable." *Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1253 (N.D. Okla. 2004) (internal citations omitted).

As Aero-Mod notes, the claim on which it prevailed at trial was a breach of contract counterclaim stemming from Goodwin & Goodwin's failure to pay an invoice for labor and services rendered. *See* Mot. Att'y Fees at 3; *see also* Counterclaim by Defendant Aero-Mod, Inc. [Doc. No. 9]. The Court found in favor of Aero-Mod and entered judgment against Goodwin & Goodwin in the amount of $87,253.73—the amount of the unpaid

invoice, plus interest. *See* Findings of Fact and Conclusions of Law at 21; Judgment. This case, therefore, falls squarely within § 936(A).

## II.  Amount of a Reasonable Attorney Fee

Aero-Mod's fee request is supported by Mr. Lackey's Affidavit and detailed billing records of the Paul & Lackey law firm. *See* Lackey Aff.; Paul & Lackey Billing Records. The billing records document over 400 hours devoted to this case, which was vigorously litigated and ended in a bench trial. From filing of the complaint to the Court entering judgment, the case spanned over two-and-a-half years.

In his Affidavit, Mr. Lackey states that fees were incurred by five individuals between February 8, 2021 and August 14, 2023: Mr. Lackey, Amy Bennett, Andrew Garrison, Madison Lybarger, and Chandler Carney. Lackey Aff. at 1-2. Mr. Lackey and Ms. Bennett are attorneys, with hourly rates of $200 and $180, respectively. *Id.* at 2, 3. Mr. Garrison, Ms. Lybarger, and Ms. Carney are paralegals, and all worked at a $125 hourly rate. *Id.* Mr. Lackey pulled the laboring oar, billing 304.8 hours, while Ms. Bennett billed 9.9 hours, Mr. Garrison billed 30.15 hours, Ms. Lybarger billed 46 hours, and Ms. Carney billed 15.9 hours. *Id.* at 2. Mr. Lackey further states that Aero-Mod has paid in full the $74,248.25 requested, and that amount is "reasonable, necessary, and in accordance with standards (if not below) in the legal community for similar work under similar circumstances . . . ." *Id.* at 3.

The "determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999). The Oklahoma Supreme Court has "outlined a

two-step procedure for arriving at a reasonable fee: (1) determine the compensation based on an hourly rate, and (2) enhance it by adding an amount arrived at by applying the factors set forth in *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, 660–61, or those provided for in Rule 1.5 of the Oklahoma Rules of Professional Conduct." *Apache Corp.*, 355 F. Supp. 2d at 1253.

Here, Aero-Mod does not seek enhancement under *Burk* or the Oklahoma Rules of Professional Conduct. *See* Mot. Att'y Fees at 4. The Court must still determine, however, the reasonableness of the requested fees. *See Apache Corp.*, 355 F. Supp. 2d at 1253 ("In this case, ONG does not seek enhancement of its claimed fee; therefore, the Court's chore is to determine the compensation to which ONG is entitled based on the services provided and the applicable hourly rate.").

Upon review of Aero-Mod's Motion, Mr. Lackey's Affidavit, and the Paul & Lackey billing records, the Court finds the hourly rates, time spent on particular tasks, and the amount requested are reasonable. Moreover, as required under Oklahoma law, the Court concludes the fees requested bear a reasonable relationship to the amount in controversy. *See Spencer v. Okla. Gas & Elec. Co.,* 171 P.3d 890, 895 (Okla. 2007).

## *Conclusion*

For these reasons, Defendant Aero-Mod's Motion for Attorney's Fees [Doc. No. 82] is **GRANTED**. Aero-Mod's Motion to Deem Motion for Attorney's Fees Confessed [Doc. No. 84] is **DENIED AS MOOT**.

A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 3rd day of October, 2023.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE